### THE WINNIE.

### GOTTLIEB v. UNITED STATES.

No. 4899.

Circuit Court of Appeals, Third Circuit.

Sept. 14, 1932.

Rehearing Denied Oct. 14, 1932.

Benjamin Golder, of Philadelphia, Pa., and Louis Halle, of New York City, for appellant.

Edward W. Wells, U. S. Atty., and Howard Benton Lewis, both of Philadelphia, Pa., for the United States.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge.

The government filed a libel against the vessel on several causes of forfeiture, inter alia, (1) for violation of R. S. § 4337 (46 USCA § 278) in that the boat unlawfully proceeded on a foreign voyage; and (2) for violation of R. S. § 4377 (46 USCA § 325) in that she was engaged in a trade other than that for which she was licensed. Samuel Gottlieb appeared as claimant and, by motion and on tender of bond under R. S. § 938 (28 USCA § 751), demanded her release. The District Court denied the motion. This action of the trial court is covered by one of the assignments of error in the appeal now here from the judgment on the whole case. After appeal but before hearing, Gottlieb, impatient of waiting, made to this court a similar motion for release of the vessel under the cited statutory provision.

Clearly this appellate court has no power to entertain the motion unless it be given by the statute. The statute is silent on the subject. It is, however, articulate on the procedure and, we think, as to the forum in which alone the procedure may be had. It provides for the release of a captured vessel on the claimant giving bond (with sureties to be approved by "the court") in an amount equal to an appraisal made by appraisers appointed by "the court," conditioned on payment in case "judgment" should pass against him and to be cancelled by order of "the court" if judgment should be in his favor. All this signifies a "trial"; and the only court with which the statute deals is a court with trial powers and functions, which, in this instance, is the District Court. Maniscalco v. United States (C. C. A.) 53 F.(2d) 737.

While under authority of the case last cited and particularly of the decision in United States v. Davidson (C. C. A.) 50 F.(2d)

517, 521, 522, we regard as mandatory upon the trial court the provisions of section 938, R. S., when they apply to the grounds of forfeiture here involved, we are constrained to hold that this court has no jurisdiction in the premises. Therefore the motion here made to release the vessel is denied without prejudice to the claimant.